UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JEFFREY RIVARD,

    Plaintiff

v.        No. 2:21-cv-00178-GZS

SOCIAL SECURITY ADMINISTRATION
COMMISSIONER,

    Defendant

### RECOMMENDED TRANSFER OF THE CASE
### FOLLOWING REVIEW PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

*Pro se* plaintiff Jeffrey Rivard, who alleges that he resides in Vermont, seeks *in forma pauperis* (IFP) status in connection with the instant suit against the commissioner of Social Security. *See* Complaint (ECF No. 1); Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") (ECF No. 2). His request to proceed IFP triggers this court's duty to screen complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) with a view to sparing defendants from the necessity of responding to those that are "frivolous or malicious[,]" "fail[] to state a claim on which relief may be granted[,]" or "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because this court lacks jurisdiction to adjudicate a case against the commissioner of Social Security by a nonresident, I recommend that the court transfer this case to the United States District Court for the District of Vermont and deem the pending IFP application moot.[1]

---

[1] The plaintiff earlier filed a different case in this court against the commissioner of Social Security. *See* ECF No. 1, *Rivard v. Saul*, No. 2:21-cv-00128-GZS (D. Me., *filed* May 13, 2021). The commissioner entered a notice of appearance and filed a motion to transfer venue to the United States District Court for the District of Vermont, which

1

## I. Applicable Legal Standards

The plaintiff's filing implicates 28 U.S.C. § 1406(a) and 42 U.S.C. § 405(g). Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).

## II. Discussion

The plaintiff sues the commissioner in connection with an alleged failure to communicate an award of Supplemental Security Income to the Maine Department of Health and Human Services, which continued to collect child support from the Social Security Administration. Complaint ¶ 2. He alleges, in relevant part, that (i) he is a resident of Guilford, Vermont, (ii) he complains of a decision that "has become the final decision of the Commissioner for purposes of judicial review[,]" and (iii) he "has exhausted administrative remedies in this matter[,]" as a result of which this court "has jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g)." *Id.* ¶¶ 1-3.

---

I recommended the court grant. *See* ECF Nos. 6-8, *id*. The plaintiff has objected to that recommendation. *See* ECF No. 9, *id*.

In fact, this court does not have jurisdiction to entertain this case because the plaintiff has not brought suit "in the district court of the United States for the judicial district in which [he] resides," 42 U.S.C. § 405(g), namely, the United States District Court for the District of Vermont. It is "in the interest of justice[,]" 28 U.S.C. § 1406(a), to transfer this case rather than to dismiss it, *see, e.g., Harrell v. Berryhill*, No. 1:17-cv-01503-GSA, 2019 WL 1316705, at *1 (E.D. Cal. Mar. 20, 2019) (transferring case filed by North Carolina resident seeking judicial review of decision of Social Security commissioner to the United States District Court for the Eastern District of North Carolina); *Fraser v. Berryhill*, No. 3:17-CV-2150-BT, 2018 WL 2017721, at *2 (N.D. Tex. Apr. 30, 2018) (transferring case seeking judicial review of decision of Social Security commissioner by claimant who had moved from Texas to Florida to the United States District Court for the Northern District of Florida).

### III. Conclusion

For the foregoing reasons, I recommend that the court **TRANSFER** this case to the United States District Court for the District of Vermont and **DEEM** the plaintiff's IFP Application **MOOT**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 11th day of July, 2021.

/s/ John H. Rich III
United States Magistrate Judge